NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0922-15T4

DUTCH RUN-MAYS DRAFT, LLC,

     Plaintiff-Appellant,

v.

WOLF BLOCK, LLP,

     Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **July 5, 2017**
>
> **APPELLATE DIVISION**

Argued March 2, 2017 – Decided July 5, 2017

Before Judges Lihotz, Hoffman and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2690-14.

Jonathan O'Boyle argued the cause for appellant (The O'Boyle Law Firm, P.C. and Law Offices of David Alan Klein, P.C., attorneys; David Alan Klein, on the brief).

Stephen M. Orlofsky argued the cause for respondent (Blank Rome LLP, attorneys; Mr. Orlofsky, of counsel; Adrienne C. Rogove, of counsel and on the brief; Ethan M. Simon, on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

A fundamental question in every legal action is whether a given court has jurisdiction to preside over a given case. Absent personal jurisdiction over the parties, a judge has no

authority to proceed. Plaintiff Dutch Run-Mays Draft, LLC, a West Virginia limited liability company, operating as a Chapter 11 Debtor-in-possession, maintains the Law Division judge erroneously dismissed its professional negligence complaint after concluding the court lacked personal jurisdiction over defendant, Wolf Block, LLP, a now-dissolved Pennsylvania law firm. On appeal, plaintiff argues a corporate entity's registration and acceptance of service of process in the state constitutes consent to submit to the general jurisdiction of the New Jersey courts.

Defendant counters, arguing the United States Supreme Court's recent ruling in Daimler AG v. Bauman, 571 U.S. __, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014), recites the minimum due process requisites to establish general jurisdiction, which have not been met in this case. Defendant asserts Daimler requires a court focus on an entity's affiliation with the state, such as the place of incorporation or a continuous, systematic course of business, making the entity "at home" in the forum. Id. at __, 134 S. Ct. at 761, 187 L. Ed. 2d at 641.

Furthermore, the United States Supreme Court has recently clarified and reaffirmed the limits of a state's ability to exercise general jurisdiction over foreign corporations. See BNSF Ry. Co. v. Tyrell, 581 U.S. __, 137 S. Ct. 1549, 198 L. Ed.

2d 36 (2017); Bristol-Myers Squibb Co. v. Superior Court of Calif., 582 U.S. __, __ S. Ct. __, __ L. Ed. 2d __ (June 19, 2017).

Following our review and in accord with considerations of due process, we conclude mere registration to do business and acceptance of service of process in this state, absent more, does not bestow our courts with general jurisdiction.

I.

Plaintiff, headquartered in Florida, hired Henry Miller, a Pennsylvania partner of defendant, to provide legal representation in the purchase and development of 5,000 acres of real property located in Greenbrier County, West Virginia. Following the 2004 closing, plaintiff discovered title defects, which rendered the property "wholly unsuitable" for residential development. On September 30, 2011, plaintiff filed for relief in the Bankruptcy Court of the Southern District of Florida, pursuant to Chapter 11 of the Bankruptcy Code, and therefore, has proceeded as a debtor-in-possession. See 11 U.S.C.A. § 1101.

Defendant is a dissolved Pennsylvania limited partnership, which, in years past, maintained two New Jersey offices. Following the partners' March 23, 2009 vote to dissolve the partnership, defendant ceased all activity as a law firm. Also

relevant to this action, on March 23, 2009 the firm's New Jersey offices were closed and all employees were terminated. Defendant's remaining activities consisted of winding down outstanding matters and completing dissolution, supervised by a "Wind Down Committee." When plaintiff's complaint was initially filed in 2014,[1] defendant had no more than two remaining employees, who both lived and worked in Pennsylvania, and who focused solely on concluding defendant's affairs. However, defendant retained its New Jersey business registration and registered agent.

When it recorded the action, defendant maintained it was not subject to the Superior Court's jurisdiction and moved to dismiss plaintiff's complaint. Plaintiff opposed the motion, arguing when the alleged negligent conduct arose, numerous

---

[1] Plaintiff first filed an action against defendant in the Court of Common Pleas of Philadelphia, Pennsylvania, which it failed to prosecute and voluntarily withdrew on May 29, 2014. Also, plaintiff's subsequent motion to reinstate that action was denied on March 12, 2015.

Plaintiff filed a one-count professional negligence complaint against defendant in New Jersey on July 7, 2014. Prior to discovery, defendant's motion to dismiss, filed on March 20, 2015, was granted because plaintiff failed to obtain an authorizing order from the Bankruptcy Court. See 11 U.S.C.A. 327 (requiring a debtor to obtain an order prior to employing attorneys or other professionals to perform post-petition services outside the ordinary course of the debtor's business). On June 15, 2015, the Law Division judge granted plaintiff's motion to reinstate its complaint after presenting the requisite order, issued by the Bankruptcy Court on April 13, 2015.

partners of defendant resided in Camden County, and several New Jersey residents were members of the "Wind Down Committee." Plaintiff averred additional specific instances of conduct as demonstrating defendant transacted business with plaintiff in New Jersey. Defendant replied, producing documents verifying work on the West Virginia project, which triggered the underlying negligence claims, was neither undertaken nor billed from respondent's New Jersey offices. Further, defendant showed Henry Miller was not licensed to practice law in New Jersey, no physical meetings took place in New Jersey, and only two phone calls were placed from Philadelphia to New Jersey relative to the transaction.

In a brief oral opinion, the judge concluded plaintiff failed to establish a basis for personal jurisdiction, granted defendant's motion, and dismissed plaintiff's complaint on September 11, 2015. Plaintiff timely appealed, requesting we reverse the order.

## II.

When considering a defendant's motion to dismiss a plaintiff's complaint because the court lacks "jurisdiction over the person," R. 4:6-2(b), this court examines

> whether the trial court's factual findings are "supported by substantial, credible evidence" in the record. Mastondrea v. Occidental Hotels Mgmt. S.A., 391 N.J.

> Super. 261, 268 (App. Div. 2007). However, whether these facts support the court's exercise of "personal jurisdiction over a defendant is a question of law," which we review de novo. YA Global Invs., L.P. v. Cliff, 419 N.J. Super. 1, 8 (App. Div. 2011).
>
> [Patel v. Karnavati Am., LLC, 437 N.J. Super. 415, 423 (App. Div. 2014).]

Plaintiff bears the burden of pleading sufficient facts to establish jurisdiction. Blakey v. Cont'l Airlines, 164 N.J. 38, 71 (2000); Jacobs v. Walt Disney World, Co., 309 N.J. Super. 443, 454 (App. Div. 1998).

The United States Supreme Court jurisprudence establishes two methods for a court to acquire personal jurisdiction over a foreign corporation: specific and general. In either case, acquisition of personal jurisdiction over a foreign entity must comport with basic due process. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923, 131 S. Ct. 2846, 2853, 180 L. Ed. 2d 796, 805 (2011).

"If a cause of action arises directly out of a defendant's contacts with the forum state, the court's jurisdiction is 'specific.'" Waste Mgmt. v. Admiral Ins. Co., 138 N.J. 106, 119 (1994) (quoting Lebel v. Everglades Marina, Inc., 115 N.J. 317, 322 (1989), cert. denied, 513 U.S. 1183, 115 S. Ct. 1175, 130 L. Ed. 2d 1128 (1995)); see also J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881, 131 S. Ct. 2780, 2788, 180 L. Ed.

2d 765, 764 (2011) (stating under specific jurisdiction, a defendant is subject to suit on causes of action that "arise out of or are connected with the activities within the state") (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95, 104 (1945)). The test for specific jurisdiction examines the nature of a defendant's contacts with the forum. "[T]he minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" Lebel, supra, 115 N.J. at 323 (quoting Shaffer v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 2579, 53 L. Ed. 2d 683, 698 (1977)). "[W]hen the defendant is not present in the forum state, it is essential that there be some act by which the defendant purposefully avails [itself] of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 475 (App. Div. 2013) (quoting Waste Mgmt., supra, 138 N.J. at 120). Thus, courts examine whether a non-resident defendant has "purposefully avail[ed] itself of the privilege of conducting activities" within the forum, such that the defendant can reasonable anticipate being haled into the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528, 542 (1985).

But, "[a]s International Shoe itself teaches, a corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" Daimler, supra, 571 U.S. at __, 134 S. Ct. at 757, 187 L. Ed. 2d at 636 (quoting Int'l Shoe, supra, 326 U.S. at 318, 66 S. Ct. at 154, 90 L. Ed. at 103). Therefore, when a "suit is not related directly to the defendant's contacts with the forum state, but is based instead on the defendant's continuous and systematic activities in the forum, then the State's exercise of jurisdiction is 'general.'" Waste Mgmt., supra, 138 N.J. at 119 (quoting Lebel, supra, 115 N.J. at 323); see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 104 S. Ct. 1868, 1872 n. 9, 80 L. Ed. 2d 404, 411 n. 9 (1984) (discussing general jurisdiction); Rippon v. Smigel, __ N.J. Super. __ (App. Div. 2017), (slip op. 11-12) (same). A defendant subject to this "all-purpose jurisdiction," Daimler, supra, 571 U.S. at __, 134 S. Ct. at 758, 187 L. Ed. 2d, at 637, must litigate "any claim that may be brought against him in the forum state." Patel, supra, 437 N.J. Super. at 424 (quoting Citibank, N.A. v. Estate of Simpson, 290 N.J. Super. 519, 526-27 (App. Div. 1996)); see also Helicopteros, supra, 466 U.S. at 414-416, 104 S. Ct. at 1872, 80 L. Ed. 2d at 410-11 (noting under specific

8

jurisdiction, a defendant may only be sued for causes of action arising out of its conduct directed at the forum, but under general jurisdiction, a defendant may be sued for any cause of action arising in or out of the forum).

Consequently, the "standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." Wilson v. Paradise Vill. Beach Resort & Spa, 395 N.J. Super. 520, 528 (App. Div. 2007) (quoting Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). "Typically, a corporation's principal place of business and place of incorporation establishes where the corporation is 'at home' and subject to general jurisdiction." FDASmart, Inc. v. Dishman Pharms. & Chems. Ltd., 448 N.J. Super. 195, 202 (App. Div. 2016) (quoting Goodyear, supra, 564 U.S. at 924, 131 S. Ct. at 2853-54, 180 L. Ed. 2d at 806).

Discussing the differences between these two means of acquiring personal jurisdiction over a foreign corporation, the United States Supreme Court observed: "Since International Shoe, 'specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction [has played] a reduced role.'" Daimler, supra, at 571 U.S. at __, 134 S. Ct. at 755, 187 L. Ed. 2d at 634 (alteration in original)

(quoting Goodyear, supra, 564 U.S. at 925, 131 S. Ct. at 2854, 180 L. Ed. 2d at 807 (2011)).  Noting the "post-International Shoe opinions on general jurisdiction . . . are few,"[2] the United States Supreme Court more clearly defined the nature of a foreign defendant's activities in a state, which are necessary to acquire general jurisdiction, noting "we have declined to stretch general jurisdiction beyond limits traditionally recognized."  Id. at __, 134 S. Ct. at 756, 757-58, 187 L. Ed. 2d at 634, 637.

In Daimler, the Argentinian plaintiffs sought personal jurisdiction in California over Daimler, a German corporation, based upon the California contacts of Mercedes-Benz USA, LLC, a Daimler subsidiary, which distributed Daimler-manufactured vehicles to independent dealerships throughout the United States, but was incorporated in Delaware with a principal place of business in New Jersey.  Id. at __, 134 S. Ct. at 751-52, 187 L. Ed. 2d, at 629-30.  Importantly, no relationship existed between California and the tortious conduct for which plaintiffs sought relief.  Id. at __, 134 S. Ct. at 752, 187 L. Ed. 2d at 630.

---

[2]  Prior to Daimler the United States Supreme Court issued three cases discussing general jurisdiction.  See Andrews, "Another Look at General Personal Jurisdiction," 47 Wake Forest L. Rev. 999, 1000 (2012) ("Goodyear is only the Court's third case addressing general jurisdiction.").

The Supreme Court considered and rejected a jurisdictional theory where "a foreign corporation may be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary." Id. at __, 134 S. Ct. at 759, 187 L. Ed. 2d at 638. Repudiating the plaintiffs' arguments, the Court rejected the arguments as attempting to stretch general jurisdiction over causes of action not related to activities within the forum to encompass "every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" Id. at __, 134 S. Ct. at 761, 187 L. Ed. 2d, at 640. Further, the Court rejected the Ninth Circuit Court of Appeals overbroad utilization of agency principles, and the activity of a subsidiary to exercise sovereignty over a foreign parent, with no association with the forum. Id. at __, 134 S. Ct. at 759-60, 187 L. Ed. 2d at 639.

Drawing the comparison to "a domestic enterprise in that State," id. at __, 134 S. Ct. at 758 n.11, 187 L. Ed. 2d at 637 n.11, the Court underscored the holding enunciated in Goodyear: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. at __, 134 S.

Ct. at 760, 187 L. Ed. 2d at 639 (quoting Goodyear, supra, 564 U.S. at 924, 131 S. Ct. at 2853-54, 180 L. Ed. 2d at 806). "Since the corporate personality is a fiction," Int'l Shoe, supra, 326 U.S. at 316, 66 S. Ct. at 158, 90 L. Ed. at 102, the paradigmatic examples of a corporation's physical presence are "a forum where it is incorporated or has its principal place of business." Daimler, supra, 571 U.S. at __, 134 S. Ct. at 760, 187 L. Ed. 2d at 640. "Accordingly, the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" Id. at __, 134 S. Ct. at 761, 187 L. Ed. 2d at 640-41 (quoting Goodyear, supra, 564 U.S. at 919, 131 S. Ct. at 2851, 180 L. Ed. 2d at 803).

The United States Supreme Court reaffirmed Daimler in its recent decision in BNSF. In that matter, two BNSF employees, who were not residents of Montana, sued BNSF for injuries occurring outside of Montana. BNSF, supra, 581 U.S. at __, 137 S. Ct. at __, 198 L. Ed. 2d at 41. While BNSF did some business in Montana, it was neither incorporated nor headquartered in Montana. Ibid. The Montana Supreme Court attempted to distinguish Daimler on narrow statutory grounds, not relevant

12                                                    A-0922-15T4

here. The United States Supreme Court reversed, and reaffirmed the general jurisdiction principles previously articulated in Daimler, stating:

> The Fourteenth Amendment due process constraint described in Daimler, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or the business enterprise sued. BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there. Nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home" in that State. See Daimler [571 U.S. at __, 134 S. Ct. at 761, 187 L. Ed. 2d at 640-41]. As earlier noted, BNSF has over 2,000 miles of railroad track and more than 2,000 employees in Montana. But, as we observed in Daimler, "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." Id., at __, n.20[, 134 S. Ct. 763, 187 L. Ed. 2d at 641] (internal quotation marks omitted). Rather the inquiry "calls for an appraisal of a corporation's activities in their entirety"; "[a] corporation that operates in many places can scarcely be deemed at home in all of them." Ibid. In short, the business BNSF does in Montana is sufficient to subject the railroad to specific jurisdiction in that State on claims related to the business it does in Montana. But in-state business, we clarified in Daimler and Goodyear, does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any occurring in Montana.
>
> [BNSF, supra, 581 U.S. at __, 137 S. Ct. at __, 198 L. Ed. 2d at 47-48 (footnotes omitted).]

A-0922-15T4

III.

A.

We turn to plaintiff's arguments presented on appeal. Initially, plaintiff relies upon long-arm jurisdiction principles, pointing to defendant's New Jersey business registration, New Jersey registered agent, two New Jersey offices, the residency of partners on the committee undertaking dissolution, in the State, and, finally that when plaintiff's complaint was filed, defendant was engaged in three suits in state court, seeking to recover unpaid bills.

In our view, this list of minimum contacts may be evidence tending to support a claim of specific jurisdiction. See Patel, supra, 437 N.J. Super. at 425. However, the negligence forming plaintiff's cause of action did not arise from defendant's contacts with New Jersey. Plaintiff cannot show any relationship between the underlying matter and the business or attorneys in New Jersey.

New Jersey's long-arm statute permits the exercise of jurisdiction to the full extent allowed under the Due Process Clause. Jacobs, supra, 309 N.J. Super. at 452. The mandate of personal jurisdiction does not rely on a plaintiff's convenience or forum choice. Rather, it emanates from the Fourteenth Amendment's Due Process Clause, which "protects an individual's

right to be deprived of life, liberty, or property only by the exercise of lawful power." J. McIntyre, supra, 564 U.S. at 879, 131 S. Ct. at 2787, 180 L. Ed. 2d at 773 (plurality op.). "As a general rule, neither statute nor judicial decree may bind strangers to the State." Id. at 880, 131 S. Ct. at 2787, 180 L. Ed. 2d at 774. Accordingly, "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." Id. at 881, 131 S. Ct. at 2787, 180 L. Ed. 2d at 774.

Considering plaintiff's claims we reject the factual assertions suggesting (1) defendant maintained a strong presence in New Jersey when this action was filed, and (2) plaintiff's proofs show the transaction was centered in New Jersey. Following consideration of the record, we conclude, as did the Law Division judge, specific jurisdiction is not supported. Plaintiff fails to prove defendant's sufficient minimum contacts with New Jersey, as well as the transaction at issue occurred here, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Id. at 880, 131 S. Ct. at 2787, 180 L. Ed. 2d at 774 (quoting Int'l Shoe, supra, 326 U.S. at 316, 66 S. Ct. 154, 90 L. Ed. 95)). The evidence does not demonstrate that at the time of suit, "defendant purposefully avail[ed] itself of the privilege

of conducting activities within the forum state, thus invoking the benefit and protection of its laws." FDASmart, supra, 448 N.J. Super. at 202 (quoting Waste Mgmt. Inc., supra, 138 N.J. at 120).

B.

Plaintiff next urges its proofs sufficiently demonstrated general jurisdiction to require defendant to defend plaintiff's action in New Jersey. In support, plaintiff again lists the above contacts stating these represent defendant's "continuous and systematic" business in the state, and additionally argues defendant maintained a current business registration and registered agent, which amounted to consent to general jurisdiction to sue and be sued. Thus, plaintiff argues acceptance of service by a registered agent in a state where defendant is registered to do business conclusively establishes personal jurisdiction.

Defendant rejects this over encompassing basis and maintains Daimler clarified the limits of general jurisdiction. Defendant argues its continued business registration and maintenance of a registered agent in the state is insufficient and does not equate to consent to submit to the general jurisdiction of the state, because at the time plaintiff's suit was filed defendant neither conducted continuous nor systematic

16

business in New Jersey and was not at home in the state. We agree with defendant.

Rule 4:4-4(a)(6) allows for in personam jurisdiction over a corporate defendant by personal service within the state upon an authorized agent of the corporation. The rule includes the caveat "that a foreign corporation may be served only as herein prescribed subject to due process of law." Ibid. Prior to Daimler, some courts relied on state statutes mandating a foreign corporation consent to personal jurisdiction within that state when it registers to do business within the forum and assigns an agent to accept service of process. See Senju Pharm. Co. Ltd. v. Metrics, Inc., 96 F. Supp. 3d 428, 439 n.7 (D.N.J. 2015) ("At least four federal circuit courts have held that compliance with registration statutes may be a basis for establishing personal jurisdiction.").

New Jersey's foreign corporate registration and registered agent statutes do not contain jurisdictional repercussions of registration.[3] Specifically, N.J.S.A. 14A:13-4 requires a foreign corporation must obtain a certificate of authority in order to transact business in New Jersey and N.J.S.A. 14A:4-1

---

[3] We have not undertaken a review or analysis of business registration statutes containing a specific consent to general jurisdiction or other instances where the foreign corporation consents to jurisdiction of the forum.

addresses maintenance of a registered office and a registered agent. The texts of these statutes does not expressly direct consent to general jurisdiction. <u>Display Works, LLC v. Bartley</u>, 182 <u>F. Supp.</u> 3d 166, 174-76 (D.N.J. 2016).

Most, if not all of the fifty states include some requisite for a foreign corporation to obtain a certificate of authority to conduct business in the state. We cannot agree business registration rises to consent to submit to the general jurisdiction in the forum. Borrowing the words of Judge Learned Hand, adoption of such a principle would place "an outlaw who refused to obey the laws of the state in better position than a corporation which chooses to conform." <u>Smolik v. Phila. & Reading Coal & Iron Co.</u>, 222 <u>F.</u> 148, 150 (S.D.N.Y. 1915). On this issue, we adopt the view concluding the use of a registered agent is more likely a means of facilitating service of process for actions where jurisdiction properly relates to minimum contacts or specific actions in the forum. <u>See</u> <u>Andrews</u>, <u>supra</u>, 47 <u>Wake Forest L. Rev.</u> 999, 1071. <u>But see</u> <u>Senju Pharm.</u>, <u>supra</u>, 96 <u>F. Supp.</u> 3d at 438-39 (concluding the defendant consented to being sued in New Jersey by conceding it was registered to do business and had a registered agent in the state for service of process).

Further, we conclude reliance of an entity's business registration to establish general jurisdiction is belied by the holding set forth in <u>Daimler</u>'s clear narrow application of general jurisdiction. Personal jurisdiction over a foreign corporation to answer for a cause of action unrelated to the entity's conduct in the forum, i.e, general jurisdiction, requires a plaintiff establish the corporation is "at home" in the forum, a standard established in <u>Goodyear</u> and clarified in <u>Daimler</u>. A plaintiff must show more than that the defendant engaged in some business or complied with corporate registration requirements of the forum. <u>Accord</u> <u>FDASmart</u>, <u>supra</u>, 448 <u>N.J. Super.</u> at 202-03 ("The standard for establishing general jurisdiction 'is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'") (quoting <u>Mische v. Bracey's Supermarket</u>, 420 <u>N.J. Super.</u> 487, 492 (App. Div. 2011)); <u>Smith v. S&S Dundalk Eng'g Works, Ltd.</u>, 139 <u>F. Supp.</u> 2d 610, 620 n.6 (D.N.J. 2001) ("[A] certificate to do business in New Jersey [is] . . . insufficient to establish general jurisdiction, absent evidence that [defendant] was actually doing business in New Jersey.") (citing <u>Wenche Siemer v. Learjet Acquisition Corp.</u>, 966 <u>F.</u>2d 179, 183 (5th Cir. 1992) (holding qualification to do business in a state is "of no special weight" in evaluating general jurisdiction), <u>cert. denied</u>, 506

U.S. 1080, 113 S. Ct. 1047, 122 L. Ed. 2d 355 (1993)); see also Genuine Parts Co. v. Cepec, 137 A.3d 123, 137 (Del. Sup. Ct. 2016) ("[Daimler] made clear that it is inconsistent with principles of due process for a corporation to be subject to general jurisdiction in every place it does business.").

Plaintiff relies heavily on Allied-Signal, Inc. v. Purex Inds., Inc., 242 N.J. Super. 362, 366 (App. Div. 1990), which found general jurisdiction over the defendant corporation that registered to conduct business in New Jersey and in fact did so, stating the defendant consented to personal jurisdiction when its registered agent is served with process.[4] See also Senju, supra, 96 F. Supp. 3d at 437 (holding Daimler did not alter the consent to jurisdiction resulting from compliance with the business registration statutes). Plaintiff suggests Daimler's holding is narrowed by its facts, specifically that Daimler was not registered as a foreign entity and had no registered agent or offices in California.

This limited view ignores Daimler's definitive due process analysis. The Court restated its holding in Goodyear, that: "A court may assert general jurisdiction over foreign [sister-state or foreign-country] corporation[s] 'to hear any and all claims

---

[4]    Plaintiff resorts to citing unpublished authority, which we decline to consider as Rule 1:36-3 provides unpublished opinions do not constitute precedent and are not binding on this court.

against [them]' only when [their] affiliations with the State are so constant and pervasive 'as to render them essentially at home in the forum State.'" Goodyear, supra, 564 U.S. at 919, 131 S. Ct. at 2851, 180 L. Ed. 2d at 803. "Daimler also explained that a corporation is generally 'at home' in its place of incorporation and principal place of business." Chavez v. Dole Food Co., 836 F.3d 205, 223 (3d Cir. 2016) (quoting Daimler, supra, 571 U.S. at __, 134 S. Ct. at 751, 187 L. Ed. 2d at 640-41.) Drawing the analogy to an individual's domicile, the Court required the legal corporate entity to be similarly situated, which cannot be satisfied by some business contacts in the forum. Daimler, supra, 571 U.S. at __, 134 S. Ct. at 761, 187 L. Ed. 2d at 640-41. As the Third Circuit observed, "one of our sister circuits has commented that it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'" Chavez, supra, 836 F.3d at 223 (quoting Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 432 (5th Cir. 2014)).

We now join the many courts that have circumscribed the view of general jurisdiction post-Daimler. See Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 224, n.2 (2nd Cir. 2014) ("Not every company that regularly 'does business' in New

York is 'at home' there."); <u>Chatwal Hotels & Resorts LLC v. Dollywood Co.</u>, 90 <u>F. Supp.</u> 3d 97, 105 (S.D.N.Y 2015) ("After <u>Daimler</u>, with the Second Circuit cautioning against adopting 'an overly expansive view of general jurisdiction,' the mere fact of [defendant's] being registered to do business [in New York] is insufficient to confer general jurisdiction in a state that is neither its state of incorporation or its principal place of business.") (quoting <u>Gucci Am. v. Weixing Li</u>, 768 <u>F.</u>3d 122, 135 (2d Cir. 2014)); <u>Otsuka Pharm. Co. v. Mylan Inc.</u>, 106 <u>F. Supp.</u> 3d 456, 465-67 (D.N.J. 2015); <u>Magil v. Ford Motor Co.</u>, 379 <u>P.</u>3d 1033, 1039 (Colo. 2016) (Despite Ford's extensive activities in Colorado, "Nothing about Ford's contacts with Colorado" including maintaining a registered agent, "suggest that it is 'at home' here."); <u>Genuine Parts</u>, <u>supra</u>, 137 <u>A.3d</u> at 141.

In light of <u>Daimler</u>, we reject the application of <u>Allied-Signal</u>'s holding as allowing general jurisdiction solely based on the fiction of implied consent by a foreign corporation's compliance with New Jersey's business registration statute. Registration is required to conduct any level of business. Importantly, the exercise of general jurisdiction requires satisfaction of the "continuous and systematic contacts" to comply with due process. Mere registration to conduct some business is insufficient. <u>See</u> <u>Genuine Parts</u>, <u>supra</u>, 137 <u>A.</u>3d at

22

145, n. 119 (collecting cases discussing tension between the concepts of registering to do business within a state versus consenting to general jurisdiction, in light of Daimler).

Even if Allied Signal's holding remains viable following Daimler, we find plaintiff's assertion of general jurisdiction is defeated based on a simpler reason. The fact defendant once conducted possibly extensive business in New Jersey cannot serve to establish jurisdiction over defendant's unrelated actions outside the state when, at the time plaintiff's complaint was filed, defendant was well on its way to complete dissolution and was not conducting business in New Jersey or anywhere else. See Mortg. Grader, Inc. v. Ward & Olivo, L.L.P., 225 N.J. 423, 437 (2016) ("During the windup period, the LLP continues to exist, but only to wind up the partnership's affairs. . . . 'A dissolved corporation exists solely to prosecute and defend suits, and not for the purpose of continuing the business for which it was established.'") (quoting Lancellotti v. M.D. Cas. Co., 260 N.J. Super. 579, 583 (App. Div. 1992)); see also Keech v. Lapointe Machine Tool Co., 200 N.J. Super. 177, 183 (App. Div. 1985) ("Having terminated any business connection with New Jersey in 1972, [the defendant] would now be subject to the jurisdiction of this State only as to causes of action arising from the business it had conducted in New Jersey.").

Plaintiff's suggestion defendant's limited interactions during its dissolution most assuredly fall far short of the well-fixed "continuous and systematic contacts" standard, necessary for general jurisdiction.

### C.

Plaintiff also argues the trial judge's order deprived it of sufficient opportunity to conduct jurisdictional discovery. We remain unconvinced that permitting further discovery would have altered our conclusion. We reject the notion the trial judge engaged in a clear abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION