**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2269-17T3

ANTHONY DELGATTO and
THERESA DELGATTO, his wife,

     Plaintiffs-Appellants,

v.

THE GREENBRIER SPORTING
CLUB, d/b/a THE GREENBRIER,

     Defendant-Respondent,

and

PGA TOUR, INC., d/b/a PGA TOURS,

     Defendant.

_____

          Submitted January 16, 2019 – Decided February 6, 2019

          Before Judges Koblitz and Mayer.

          On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-10261-15.

          Sekas Law Group, LLC, attorneys for appellants (Nicholas G. Sekas and Louis M. Gerbino, on the briefs).

Kaufman Borgeest & Ryan, LLP, attorneys for respondent (John J. Leo III, on the brief).

PER CURIAM

Plaintiffs Anthony Delgatto and Theresa Delgatto appeal from a May 9, 2017 order dismissing their complaint against defendant Greenbrier Sporting Club d/b/a The Greenbrier (Greenbrier) for lack of jurisdiction. In addition, plaintiffs appeal from an August 2, 2017 order denying their motion for reconsideration.[1] We affirm.

Plaintiffs learned of Greenbrier's golf course and hotel, located in West Virginia, while watching the Golf Channel.[2] Plaintiffs also saw advertisements for Greenbrier during golf events broadcast on national network television stations, and in nationally circulated golf magazines. Greenbrier does not advertise on local New Jersey television stations or in local New Jersey magazines.

Friends who had stayed at Greenbrier suggested plaintiffs would enjoy the resort and its amenities. Theresa Delgatto visited Greenbrier's website to obtain

---

[1] On appeal, plaintiffs fail to address the denial of their reconsideration motion. Issues not briefed on appeal are deemed waived. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

[2] The Golf Channel is a national cable television channel broadcasting golf related programming throughout the country.

hotel information. She then contacted American Express Travel Services to reserve a room at Greenbrier. Plaintiffs made dinner arrangements through Greenbrier's website and telephoned Greenbrier's golf course to schedule tee-times.

While staying at Greenbrier in September 2014, Anthony Delgatto slipped and fell on the golf course, suffering significant injuries. He was treated for his injuries in New Jersey and New York City.

Plaintiffs filed personal injury and per quod claims against Greenbrier in November 2015. Greenbrier filed an answer and asserted affirmative defenses, including lack of jurisdiction.

In 2016, Greenbrier filed a motion to dismiss based on lack of jurisdiction. Plaintiffs opposed the motion and filed a cross-motion seeking jurisdictional discovery. The court denied Greenbrier's motion to dismiss and granted plaintiffs' motion to compel discovery on the issue of jurisdiction. Jurisdictional discovery was to be completed by the end of June 2016. However, the parties agreed to extend the time for discovery to August 5, 2016. Greenbrier did not produce discovery until December 7, 2016.[3] By that date, the statute of

---

[3] Greenbrier was unable to provide discovery earlier due to a significant flood event at its property.

A-2269-17T3

limitations for filing a personal injury action in West Virginia expired. See W. Va. Code. § 55-2-12(b).

In its discovery responses, Greenbrier asserted it had no direct advertisements on any New Jersey television stations or in any New Jersey magazines. Greenbrier stated its advertisements were limited to nationally televised media sources, national golf magazines, and social media pages. Greenbrier claimed its only direct contact with New Jersey was through letters and e-mails sent to New Jersey residents who previously stayed at Greenbrier. In January 2017, Greenbrier renewed its motion to dismiss for lack of jurisdiction.

On May 9, 2017, the trial court granted Greenbrier's motion to dismiss based on lack of jurisdiction. The judge found Greenbrier did not target any activities directed to plaintiffs in New Jersey. Greenbrier's television and magazine advertising was disseminated nationally. Any mailing by Greenbrier to New Jersey residents was sent only to individuals who previously stayed at the hotel. Plaintiffs admitted they never received a direct mailing from Greenbrier.

The judge found Greenbrier's discovery delay did not support a finding that New Jersey had jurisdiction over plaintiffs' claims arising from an accident

in West Virginia. Absent a provision for tolling the statute of limitations in West Virginia, the judge acknowledged "plaintiffs may be without a cause of action." The judge suggested plaintiffs raise Greenbrier's discovery delay to a court in West Virginia as a basis for tolling that state's statute of limitations.

In their May 26, 2017 motion for reconsideration, plaintiffs argued general jurisdiction, rather than specific jurisdiction, permitted their claims against Greenbrier in New Jersey. Even with the change in plaintiffs' legal position, the judge concluded general jurisdiction required systematic and continuous activity in New Jersey and such activity was not shown by plaintiffs. Plaintiffs' counsel conceded he did not "have a general jurisdiction argument . . . for the [c]ourt."

On reconsideration, the judge asked plaintiffs to identify outstanding discovery needed to proceed with a specific jurisdiction claim against Greenbrier. Plaintiffs were unable to articulate additional discovery necessary to support specific jurisdiction in this case.

In denying reconsideration, the judge emphasized plaintiffs were aware how they came to reserve a room at Greenbrier and no additional discovery from Greenbrier was needed. The judge repeated her inquiry, asking what discovery "would [have] help[ed] [plaintiffs'] arguments on specific jurisdiction because

A-2269-17T3

[plaintiffs' counsel] conceded that you don't have general jurisdiction." Plaintiffs remained unable to identify such discovery.

On appeal, plaintiffs argue the trial court erred because: (1) the judge ignored Greenbrier's "copious . . . connections" to New Jersey; (2) the judge dismissed the case prior to developing a complete record; and (3) the judge failed to consider that dismissal of plaintiffs' complaint foreclosed any opportunity to pursue a cause of action in another forum.

When considering a motion to dismiss a complaint based on lack of jurisdiction, reviewing courts "examine[] whether the trial court's factual findings are 'supported by substantial, credible evidence' in the record." Patel v. Karnavati Am., LLC, 437 N.J. Super. 415, 423 (App. Div. 2014) (quoting Mastondrea v. Occidental Hotels Mgmt., S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)). Whether the facts support the exercise of jurisdiction is a question of law and is reviewed de novo. Mastondrea, 391 N.J. Super. at 268. A plaintiff bears the burden to prove jurisdiction. Dutch Run–Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 598 (App. Div. 2017), certif. denied, 231 N.J. 176 (2017).

A defendant "must have sufficient contact with the forum state 'to make it reasonable and just, according to our traditional conception of fair play and

substantial justice,'" to exercise jurisdiction. Rippon v. Smigel, 449 N.J. Super. 344, 360 (App. Div. 2017) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Jurisdiction over a nonresident defendant exists in two forms: specific and general. Jacobs v. Walt Disney World, Co., 309 N.J. Super. 443, 452 (App. Div. 1998). Here, plaintiffs failed to establish either specific or general jurisdiction to proceed with their claims against Greenbrier in New Jersey.

New Jersey may exercise specific jurisdiction "over a defendant who has 'minimum contacts' with the state" when "the cause of action arises directly out of a defendant's contacts with [New Jersey]." Rippon, 449 N.J. Super. at 359 (quoting Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989)). Minimum contacts "focus on 'the relationship among the defendant, the forum, and the litigation.'" Lebel, 115 N.J. at 323 (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). "[M]inimum contacts" are "satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." Ibid. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297–98 (1980)).

"[W]hen the defendant is not present in the forum state, 'it is essential that there be some act by which the defendant purposefully avails [itself] of the

A-2269-17T3

privilege of conducting activities within [New Jersey], thus invoking the benefit and protection of its laws.'" Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 475 (App. Div. 2013) (quoting Waste Mgmt. Inc. v. Admiral Ins. Co., 138 N.J. 106, 120 (1994)). The defendant must "purposefully avail[] itself of the privilege of conducting activities" in New Jersey such that the defendant can reasonably anticipate being sued in this State. Dutch Run, 450 N.J. Super. at 599 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

Here, Greenbrier did not specifically target plaintiffs. Greenbrier advertised only on national television and in national magazines. Greenbrier did not solicit New Jersey residents through local golf clubs or other local golf organizations. The solicitations and e-mails sent by Greenbrier to New Jersey residents were directed to those individuals who previously stayed at the hotel. Greenbrier never sent e-mails or other solicitations to plaintiffs.

Nor was logging onto Greenbrier's website sufficient to confer jurisdiction. See Lebel, 115 N.J. at 323. Plaintiffs did not reserve a hotel room through Greenbrier's website. Thus, Greenbrier did not "purposefully avail[] itself of the privilege of conducting activities" in New Jersey to reasonably anticipate being sued in this State.

A-2269-17T3

Plaintiffs were also unable to establish general jurisdiction to proceed against Greenbrier in New Jersey. Under general jurisdiction, a defendant may be sued for "virtually any claim, even if unrelated to the defendant's contacts with the forum" provided "the defendant's activities in [New Jersey] can be characterized as 'continuous and systematic' contacts." Lebel, 115 N.J. at 323 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

For general jurisdiction to be applicable, a defendant's activities must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." FDASmart, Inc. v. Dishman Pharm. and Chems. Ltd., 448 N.J. Super. 195, 202 (App. Div. 2016) (alteration in original) (quoting Daimler AG v. Bauman, 571 U.S. 117, 128 (2014)). A defendant's "principal place of business and place of incorporation" generally indicates where that defendant is "at home" and thus subject to general jurisdiction. Ibid. Establishing general jurisdiction requires "extensive contacts between a defendant and a forum." Id. at 202–03 (quoting Mische v. Bracey's Supermarket, 420 N.J. Super. 487, 492 (App. Div. 2011)).

In this case, Greenbrier has little to no contact with New Jersey generally. Greenbrier is incorporated in West Virginia. Greenbrier's facilities are located

A-2269-17T3

in West Virginia. The motion judge thoroughly analyzed plaintiffs' proffered evidence and found Greenbrier lacked any systematic and continuous contacts with New Jersey to establish general jurisdiction.

We next consider plaintiffs' arguments that the judge erred by not allowing further discovery to establish jurisdiction and Greenbrier's delay in providing discovery caused them to suffer prejudice. Despite being given ample opportunity, plaintiffs failed to articulate additional discovery that might have established jurisdiction to proceed with their claims against Greenbrier in New Jersey. When a party asserts incomplete discovery as a defense to dismissal based on lack of jurisdiction, the party "must establish that there is a likelihood that further discovery would supply the necessary information" with "some degree of particularity." J. Josephson, Inc. v. Crum & Forster Ins. Co., 293 N.J. Super. 170, 204 (App. Div. 1996).

In its discovery responses, Greenbrier certified it did not have any advertising agreements, contracts, partnerships, or targeted campaigns in New Jersey. On reconsideration, plaintiffs were unable to explain how additional discovery would establish jurisdiction over their claims in New Jersey.

We next review plaintiffs' argument that the judge erred in dismissing the action because they were left without a forum as a result of the expiration of the

statute of limitations in West Virginia. While Greenbrier provided discovery after the expiration of West Virginia's statute of limitations for a personal injury action, nothing precluded plaintiffs from filing suit in West Virginia. Plaintiffs were aware Greenbrier asserted lack of jurisdiction to pursue claims in New Jersey based on Greenbrier's original motion to dismiss. Plaintiffs also knew Greenbrier was likely to renew its motion after the exchange of court-ordered jurisdictional discovery. Plaintiffs could have filed an action in West Virginia because Greenbrier is incorporated in West Virginia, the accident occurred in West Virginia, and West Virginia has similar tort remedies to New Jersey. See W. Va. Code. § 55-2-12(b). The judge, while recognizing the unfortunate situation resulting from dismissal of the New Jersey matter, properly concluded Greenbrier's delay in providing discovery did not confer jurisdiction in New Jersey.

Having reviewed the record, we are satisfied the judge's findings of fact are supported by substantial and credible evidence. We are satisfied de novo that those facts do not establish jurisdiction in New Jersey. The judge accorded plaintiffs more than ample opportunity to establish New Jersey had either general or specific jurisdiction to proceed with their claims against Greenbrier.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2269-17T3