**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2005-17T1

SHARON S. BEN-HAIM,
individually and as Guardian ad
Litem of OFIR BEN-HAIM,

      Plaintiff-Appellant,

v.

NEW ISRAEL FUND, a non-profit
corporation, MAVOI SATUM
(DEAD END), an Israeli non-profit
corporation, and BATYA
KAHANA-DROR, an individual,

      Defendants-Respondents,

and

OHR TORAH STONE, a non-profit
corporation, YAD LISHA, an Israeli
non-profit organization, and ZVIA
MOSKOWITZ, an individual,

      Defendants.

_____

      Submitted January 8, 2019 – Decided February 19, 2019

      Before Judges Fisher and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1373-17.

Saul Roffe, attorney for appellant.

Kaufman Dolowich & Voluck, LLP, attorneys for respondents (Gino A. Zonghetti, of counsel and on the brief; Timothy M. Ortolani, on the brief).

PER CURIAM

In this appeal, we consider the trial court's dismissal of a complaint on personal jurisdiction grounds. The parties consist of plaintiff, an Israeli citizen residing in New Jersey, and defendants New Israel Fund (NIF), a non-profit corporation organized under the laws of California, Mavoi Satum, an Israeli non-profit corporation, and Mavoi Satum's chief executive officer, Batya Kahana-Dror, an Israeli citizen. Plaintiff's suit stems from the international matrimonial disputes between plaintiff and his former wife, Oshrat Ben-Haim, who is also an Israeli citizen and resident.

Plaintiff and Oshrat Ben-Haim married in New Jersey in 2008. The following year, Oshrat gave birth to the couple's only child. In 2010, while on a family vacation to Israel, Oshrat filed for divorce in the rabbinical courts of Israel and refused to return to New Jersey or allow the child to return to New Jersey. Plaintiff unsuccessfully sought relief from an Israeli court and returned to New Jersey, where he obtained from our family court an order directing the

child's return to New Jersey. In 2013, plaintiff obtained from our family court a default judgment of divorce, which awarded him temporary custody of the child and again directed the child's return to New Jersey. In 2015, in a separate Law Division action, plaintiff obtained a default judgment against Oshrat in the amount of $2,746,161.46. None of these steps, however, secured the return of the child to New Jersey as ordered by our family court. Oshrat and the child remain in Israel.

In 2017, plaintiff filed this action against defendants, claiming they provided legal and financial assistance to Oshrat when she filed for divorce in Israel; plaintiff asserted causes of action sounding in intentional interference with custody, defamation, intentional infliction of emotional distress, and civil conspiracy. Without filing answers, defendants successfully moved to dismiss for lack of personal jurisdiction, failure to state a claim upon which relief could be granted, and insufficient service of process.

Plaintiff appeals, arguing the motion judge had no legal or factual basis to dismiss the complaint, and, primarily, that the judge should have at least permitted jurisdictional discovery. To be sure, limited discovery is often appropriate when pleadings inadequately illuminate the disposition of a jurisdictional question, Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div.

2017), but we agree with the motion judge that the jurisdictional questions presented were resolvable on the pleadings. To explain, we turn first to general principles that apply when considering an exertion of personal jurisdiction over out-of-state defendants.

In that regard, it is firmly established that courts may exercise long-arm jurisdiction over out-of-state defendants as far as due process permits, when the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971). In considering the propriety of extending jurisdiction over an out-of-state defendant, courts consider either specific or general jurisdiction. Dutch Run-Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 598 (App. Div. 2017).

Plaintiff does not assert New Jersey has general personal jurisdiction over the case, because the non-resident defendants do not maintain "continuous and systematic" activities in the forum state. Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989). Plaintiff instead claims New Jersey has specific

jurisdiction over defendants whose assistance to Oshrat, he claims, defied orders issued by our courts, thereby affecting him in New Jersey.

Specific jurisdiction requires that the cause of action arise from the defendant's contacts with the forum, which are so purposefully directed toward and at a state that defendant could foresee being haled into court in that forum. Id. at 323-24. The elements required to establish jurisdiction protect parties from defending themselves based on "random, fortuitous, or attenuated contacts or as a result of the unilateral activity of some other party." Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106, 121 (1994) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

Plaintiff particularly relies on Calder v. Jones, 465 U.S. 783, 789 (1984), which provides significant illumination when considering the exertion of jurisdiction in a similar context. In Calder, the National Enquirer, a magazine incorporated in Florida with its largest circulation in California, published an article alleging that actress Shirley Jones, whose career was based in California, "drank so heavily as to prevent her from fulfilling her professional obligations." Id. at 784-85, 788 n.9. The article's author relied on Californian sources, called Jones's husband in California prior to publishing the article, and tainted her

career in California.  Id. at 788-89.  In sum, the newspaper's actions were expressly directed toward California.

In contrast, defendants did not direct their acts toward New Jersey.  In analyzing the question further, we are guided by the general principle that "the minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'"  Lebel, 115 N.J. at 323 (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).  Mavoi Satum is an Israeli non-profit corporation with offices in New York, and Batya Kahana-Dror, a resident of Israel, is Mavoi Satum's chief executive officer. Kahana-Dror represented Oshrat in legal proceedings in Israel.  Plaintiff claims their actions in Israel have impacted him in New Jersey.  This impact, however, is indirect and only is felt because plaintiff – an Israeli citizen – resides in New Jersey.  The minimum contacts test we have already outlined requires more than such a loose connection.  Calder requires that an out-of-state defendant's actions must not only be felt but must be directed toward the forum state.  Calder, 465 U.S. at 789-90.  The legal action defendants took on Oshrat's behalf, including the securing of an order banning plaintiff from traveling outside Israel should he ever return there, occurred in Israel, not in New Jersey. And other acts plaintiff alleges, including the notifying of his New Jersey religious community about

the legal matters in Israel, were taken by the rabbinical court itself, not by defendants.

NIF comes no closer in plaintiff's attempt to establish a purposeful connection with New Jersey. NIF's principal place of business is in California and it has an office in New York but no presence in New Jersey. Plaintiff alleges that NIF has fundraised in several New Jersey synagogues, and he argues NIF donated money to Mavoi Satum, which was later contributed to Oshrat's legal battle. But NIF's fundraising conduct is not purposeful enough to expect that it would be haled into a New Jersey court as a result. Although "modern commercial life" will permit jurisdiction where "a substantial amount of business is transacted solely by mail and wire communications across state lines," Lebel, 115 N.J. at 328, the litigation must result "from alleged injuries that arise out of or relate to those activities," id. at 326. NIF did not have a contract with either the synagogues or with the Israeli corporation to solicit or donate funds, and it had no specific agreement to support Oshrat's case. We are satisfied that plaintiff's allegations against NIF are not sufficiently tied to NIF's contact with this forum to permit the exertion of specific jurisdiction. A court cannot weigh the factors of fair play and substantial justice unless it has made the threshold determination that a defendant has minimum contacts with a

forum. <u>Waste Mgmt.</u>, 138 N.J. at 121. Plaintiff has not established that any of these defendants has minimum contacts with New Jersey.[1] Because we conclude that the trial court properly dismissed this action due to lack of personal jurisdiction over these defendants, we need not reach plaintiff's other arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Plaintiff has argued that <u>J. McIntyre Mach., Ltd. v. Nicastro</u>, 564 U.S. 873 (2011), supports his position. There, the Court held that, in intentional tort cases, a defendant "might well fall within the State's authority by reason of his attempt to obstruct its laws." <u>Id.</u> at 880. The Court considered application of a stream-of-commerce theory to establish personal jurisdiction in a products liability case, where the plaintiff was injured while using defendant's machine in New Jersey, even though the machine was manufactured in England, where defendant operated its business. <u>Id.</u> at 878, 880. This basis for exerting personal jurisdiction is not implicated here because this case does not involve a stream-of-commerce analysis, nor does it involve products liability. We also note that plaintiff raised this same argument without success in a previous suit against the law firm which represented Oshrat in legal proceedings in Israel. <u>Ben-Haim v. Itkin</u>, No. A-4229-12 (App. Div. June 18, 2014) (slip op. at 1-2, 11 n.4).

A-2005-17T1