**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1061-20

GLORIA V. GOMEZ,

    Plaintiff-Appellant,

v.

FELICIA WILSON, DDS, MS, MD,
and CLEAR CHOICE DENTAL
IMPLANT CENTERS,

    Defendants-Respondents.

_____

Submitted January 13, 2022 – Decided January 24, 2022

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1065-20.

Gold, Albanese, Barletti & Locascio, LLC, attorneys for appellant (Walter P. Laufenberg, on the brief).

Burns White LLC, attorneys for respondents (Ellen Nunno Corbo, on the brief).

PER CURIAM

Plaintiff Gloria Gomez appeals from the Law Division's November 6, 2020 order granting defendants Felicia Wilson, DDS, MS, MD, and Clear Choice Dental Implant Centers' motion to dismiss plaintiff's complaint on jurisdictional grounds. We reverse and remand for further proceedings.

Gomez lives in Morris County, New Jersey. Wilson is a doctor of dental surgery and owns the Clear Choice Dental Implant Center (Clear Choice)[1] located in Fort Washington, Pennsylvania. Wilson is not a New Jersey resident.

In August 2016, Wilson began treating Gomez at the Fort Washington facility. As part of this treatment, Wilson installed surgical dental implants in Gomez's mouth. After the surgery, Gomez experienced pain and returned to Wilson's Pennsylvania center. Gomez ended her treatment with Wilson on March 13, 2017.

In May or June of 2018, Gomez began treating with Dr. Michael Gale in Newark, New Jersey. Gale told Gomez that Wilson negligently performed the implant surgery.[2]

---

[1] According to Wilson, Clear Choice is "a network of dental treatment centers in which each center is separately owned and operated by local dental specialists."

[2] On October 14, 2020, Gale gave Gomez an Affidavit of Merit and opined that Wilson's dental care "fell below the acceptable professional standards and treatment practices for restorative dentistry."

A-1061-20

On May 15, 2020, Gomez filed a dental malpractice complaint in Morris County against Wilson and Clear Choice. She incorrectly alleged in her complaint that the dental surgery occurred in Essex County, New Jersey. Defendants filed an answer and, among other things, asserted the court lacked jurisdiction over Gomez's claims. Defendants then filed a motion to dismiss the complaint on this ground.

In support of the motion, Wilson filed a certification on September 30, 2020, stating she "never owned, operated, or practiced in a Clear Choice . . . Center, or any other office . . . in Essex County, New Jersey." She further stated she had only treated Gomez at "the Pennsylvania location that [she] own[ed] and operate[d]." Therefore, defendants asserted they had no contacts with New Jersey sufficient to support this State's jurisdiction over the parties' dispute.

In response, Gomez submitted a copy of an internet listing for a Clear Choice facility in Mount Laurel, New Jersey that listed Wilson as one of its physicians. Gomez alleged defendants appeared to have a New Jersey location at the time she filed her complaint and, therefore, this State had jurisdiction.

At oral argument, the motion judge broached the subject of the need for jurisdictional discovery because it appeared that Wilson now owned or worked at a Clear Choice facility in New Jersey. In response, defendants' attorney stated

A-1061-20

the Mount Laurel center began operating in November 2017 and that she had access to the center's incorporation papers. Although the judge reserved decision on defendants' motion, he stated he was "inclined to allow some jurisdictional discovery to take place, because the information that's available so far is coming from one direction . . . only, and that's . . . Wilson, through [c]ounsel." The judge also proposed a discovery schedule.

However, in his subsequent written decision, the judge granted defendants' motion to dismiss without permitting jurisdictional discovery. The judge stated:

> As to general jurisdiction, the [c]ourt concludes that [d]efendants have insufficient contacts with New Jersey that are continuous or systematic. While this [c]ourt at first considered allowing limited jurisdictional discovery to determine the full nature of [d]efendants' contacts with the State of New Jersey, on further consideration, there is no likelihood that such limited discovery will prove fruitful. In support of a finding of personal jurisdiction, [p]laintiff offers the fact that . . . Wilson is listed as an "attending physician" at [the Clear Choice Center] in Mount Laurel, New Jersey . . . . However, [d]efendant[s] respond[] that the Mount Laurel, New Jersey location was not established until November 2017, more than seven months after [Gomez's] last visit with the [m]oving [d]efendants in Pennsylvania. <u>At this stage</u>, the [c]ourt cannot find, <u>on the few facts presented</u>, that general jurisdiction exists.
>
> [(emphasis added).]

"Appellate review of a ruling on jurisdiction is plenary because the question of jurisdiction is a question of law." Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017) (citing Mastondrea v. Occidental Hotels Mgmt., S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)). For the following reasons, we conclude that "the few facts presented" by defendants concerning the Mount Laurel office were insufficient to support their motion to dismiss on jurisdictional grounds. Therefore, we reverse the November 6, 2020 order dismissing the complaint and remand for further proceedings.

"A defendant may move to dismiss a complaint on the ground of 'lack of jurisdiction over the person[.]'" Id. at 358 (alteration in original) (quoting R. 4:6-2(b)). The question of in personam jurisdiction "is 'a mixed question of law and fact' that must be resolved at the outset, 'before the matter may proceed . . . .'" Id. at 359 (quoting Citibank, N.A. v. Est. of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996)).

"When a defendant has maintained continuous and systematic activities in the forum state, the defendant is subject to the state's 'general' jurisdiction on any matter, irrespective of its relation to the state." Id. at 358-59 (quoting Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989)). For general jurisdiction to apply, a defendant's activities must be "so 'continuous and systematic' as to

A-1061-20

render [it] essentially at home in the forum State." FDASmart, Inc. v. Dishman Pharms. and Chems. Ltd., 448 N.J. Super. 195, 202 (App. Div. 2016) (alteration in original) (quoting Daimler AG v. Bauman, 571 U.S. 117, 128 (2014)).

"However, when the cause of action arises directly out of a defendant's contacts with the forum state, the state may exercise 'specific' jurisdiction over a defendant who has 'minimum contacts' with the state." Rippon, 449 N.J. Super. at 359 (quoting Lebel, 115 N.J. at 322). "The plaintiff 'bears the burden of proof on the question of the adequacy of the . . . defendants' contacts to sustain an exercise of specific jurisdiction.'" Id. at 360 (quoting Citibank, 290 N.J. Super. at 533). "A conclusion of specific jurisdiction requires that the 'purposeful acts by the [defendant] directed toward this State' be of a kind that 'make[s] it reasonable for the [defendant] to anticipate being haled into court here.'" Id. at 360-61 (alterations in original) (quoting Mastondrea, 391 N.J. Super. at 268).

Pertinent to this appeal, when "[p]resented with a motion to dismiss on the basis of lack of jurisdiction, a trial court must make findings of the 'jurisdictional facts,' because disputed 'jurisdictional allegations cannot be accepted on their face . . . .'" Id. at 359 (quoting Citibank, 290 N.J. Super. at 532). "If the pleadings and certifications submitted to the trial court do not

6

permit resolution of the jurisdictional question, the trial court must conduct a 'preliminary evidential hearing after affording the parties an appropriate opportunity for discovery.'" Ibid. (quoting Citibank, 290 N.J. Super. at 532). "Generally, the record must support the existence of disputed or conflicting facts to warrant jurisdictional discovery." Ibid. (citing Reliance Nat'l Ins. Co. In Liquidation v. Dana Transp. Inc., 376 N.J. Super. 537, 551 (App. Div. 2005)).

Applying these principles, it seems clear that New Jersey did not have case-linked, specific jurisdiction of this matter because Gomez received all of her dental treatment at Wilson's Clear Choice office in Pennsylvania. However, we are convinced the record was not sufficiently developed for the motion judge to conclude, as he did, that defendants were not subject to New Jersey's general jurisdiction.

Gomez alleged that Wilson opened a Clear Choice center in New Jersey in November 2017. Defendants essentially conceded this claim at oral argument before the trial court, but they did not provide any further details concerning the facility's ownership and operation.

In denying Gomez's request for discovery concerning the Mount Laurel center, the judge overlooked the fact that plaintiff did not file her complaint against defendants until May 15, 2020. Courts have held that the relevant time

A-1061-20

period for assessing minimum contacts in establishing general jurisdiction does not end until the time the complaint is filed.  See, e.g., Dutch Run-Mays Draft, LLC v. Wolf Block, LLP, 450 N.J. Super. 590, 604 (App. Div. 2017) (stating that "[t]he evidence does not demonstrate that at the time of suit, 'defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws.'") (second alteration in original) (emphasis added) (quoting FDASmart, 448 N.J. Super. at 202); see also Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 569-70 (2d Cir. 1996) (holding that courts "should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances[,] up to and including the date the suit was filed[,] to assess whether they satisfy the 'continuous and systematic' standard.").

Thus, the relevant time period to determine whether New Jersey had general jurisdiction began with Gomez's first visit to Clear Choice in August 2016 and ended on May 15, 2020, when she filed her complaint.  The record contains no information concerning defendants' activities in New Jersey between November 2017 and May 15, 2020.  The judge therefore should have permitted the parties to develop any jurisdictional facts arising during this timeframe through the discovery schedule he initially proposed.

A-1061-20

Under these circumstances, we are satisfied the matter was not ripe for determination at the time defendants filed their motion to dismiss. Rather, Gomez should have been granted an opportunity for jurisdictional discovery to explore defendants' activities in New Jersey after November 2017. Although such discovery may ultimately result in a determination that New Jersey does not have jurisdiction over defendants, Gomez should not have been deprived at this early juncture from attempting to establish a sufficient basis to proceed.[3]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In keeping with the motion judge's comments in his motion colloquy, the trial court should promptly conduct a case management conference and direct the parties to promptly exchange limited jurisdictional interrogatories and notices to produce within fifteen days of the date of the conference and require each party to respond within forty-five days thereafter.

A-1061-20